IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALGORZATA FRIEDMAN, | ) |
| | ) |
| Plaintiff, | ) No. 11 C 785 |
| | ) |
| v. | ) Judge Ronald A. Guzmán |
| | ) |
| LAKE COUNTY HOUSING AUTHORITY and DAVID NORTHERN, in his official and individual capacity, | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Malgorzata Friedman has sued the Lake County Housing Authority ("LCHA") and David Northern under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000*e et seq.*, and 42 U.S.C. § 1983. LCHA and Northern have moved to dismiss portions of the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

## Facts

Malgorzata Friedman is a white female of Polish descent. (Compl. ¶ 4.) LCHA is a body politic corporation organized under the laws of Illinois. (*Id.* ¶ 6.) From March 3, 2008 until her discharge on March 25, 2010, Friedman was an employee of LCHA. (*Id.* ¶ 5.) She alleges that she was subject to discrimination based on her race, sex, color and national origin and was wrongfully discharged in retaliation for filing complaints with LCHA's Human Resources Department about her supervisors' alleged mistreatment of her. (*Id.* ¶¶ 8-40.) She further alleges that LCHA and Northern deprived her of rights as guaranteed by the First Amendment to speak out about LCHA's politics and procedures. (*Id.* ¶ 41.)

On June 1, 2010, Friedman filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"). (Pl.'s Compl., Ex. A, EEOC Charge.) On November 10, 2010, she received her right-to-sue letter from the EEOC. (*Id.*, Ex. B, EEOC Right-to-Sue Notice.)

**Discussion**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see Autry v. Nw. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). In evaluating the motion, the court accepts as true all well-pleaded factual allegations in the complaint, and any inferences reasonably drawn from those facts are construed in the light most favorable to the plaintiff. *Roots P'ship v. Lands' End, Inc.*, 965 F.2d 1411, 1416 (7th Cir. 1992). A court should dismiss a complaint if it fails to provide the defendant with fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that "state a claim to relief that is plausible on its face" and raise the possibility of relief above the "speculative level." *Id.* at 545, 570. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009).

## A. Stipulations

As an initial matter, Friedman concedes several issues set forth in defendants' motion to dismiss. First, she states that she is not suing Northern under Title VII. (Pl.'s Resp. 8.) Thus, Counts I through V of the complaint are only brought against LCHA. (*Id.*) Second, Friedman stipulates that she will not seek punitive damages under § 1983 in Count VI against LCHA or Northern in his official capacity. (*Id.* 10.) Lastly, Friedman agrees not to pursue the violation of her right to privacy claim in Count VI against LCHA or Northern in his official or individual capacity. (*Id.* 12.) Accordingly, the foregoing claims and request for relief are dismissed with prejudice.

## B. Color Discrimination

Defendants argue that Friedman failed to state a claim for color discrimination and that said claim is duplicative of her claim for race discrimination. (Mot. Dismiss 5.) Color discrimination arises when the "particular hue of the plaintiff's skin is the cause of the discrimination." *Sullivan v. Presstronics, Inc.*, No. 96 C 7436, 1997 WL 327126, at *2 (N.D. Ill. June 11, 1997). In the complaint, Friedman fails to allege any facts relating to how the color of her skin, specifically, motivated LCHA's alleged discriminatory treatment. She does not refer to the core of a color discrimination claim, which is the particular hue of her skin.

Moreover, one cause of action is duplicative of another if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *see Black & Decker Corp. v. Vt. Am. Corp.*, 915 F. Supp. 933, 936 (N.D. Ill. 1995). Because Friedman does not include any facts in her complaint to distinguish her color discrimination claim from her race discrimination claim, and the two causes

of action involve the same allegations, parties and available relief, Count III is duplicative of Count I. Thus, Count III of the complaint alleging color discrimination is dismissed without prejudice.

**C. Section 1983 Claim Against LCHA**

Defendants argue that Friedman has failed to state a claim against LCHA under § 1983 because she did not allege that LCHA had either a written policy or long-standing custom or practice that led to her constitutional deprivation or that Northern was a final policymaker. A § 1983 complaint against a municipality must plead the existence of a custom or policy that was the direct cause of the deprivation of a federal right. *Caldwell v. City of Elwood*, 959 F.2d 670, 672 (7th Cir. 1992). An isolated decision by a municipal employee or official constitutes official policy only if that official has final policymaking authority for the challenged act under state law. *Id.* The absence of an allegation of the existence of such policy or custom and of the requisite causal connection between it and the constitutional injuries of which plaintiff complains will justify dismissal. *Id.* Alternatively, a complaint must contain allegations sufficient to support the conclusion that the plaintiff's constitutional injury was caused by an individual with final policymaking authority. *Baskin v. City of Des Plaines*, 138 F.3d 701, 705 (7th Cir. 1998).

Friedman does not allege any causal link between an LCHA custom or policy and the deprivation of her constitutional rights. Further, the complaint fails to state that Northern was a final policymaker. Thus, Count VI of the complaint against LCHA and Northern in his official capacity is dismissed without prejudice.

**D. Remaining Claims**

First, defendants' Rule 12(b)(6) motion does not address Friedman's § 1983 claim for a violation of her First and Fourteenth Amendment rights in Count VI against Northern in his individual capacity, and thus, that claim remains. Second, defendants' motion also does not address Friedman's Title VII claims against LCHA in Counts I through V for discrimination based on race, sex, and national origin and retaliation against LCHA, and, accordingly, these claims remain. Third, defendants' motion does not address the availability of punitive damages under § 1983 in Count VI against Northern in his individual capacity, and therefore that request for relief remains.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion to dismiss portions of the complaint [doc. no. 11]. The Court dismisses the following with prejudice: (1) Counts I through V as to Northern only; (2) Friedman's request for punitive damages under § 1983 in Count VI against LCHA and Northern in his official capacity; and (3) the right to privacy claim in Count VI against all defendants. The Court dismisses the following without prejudice: (1) Count III alleging Title VII discrimination on the basis of color, and (2) Count VI alleging a § 1983 claim against LCHA and Northern in his official capacity. The following remain: (1) Counts I, II and IV alleging Title VII discrimination on the basis of race, sex and national origin and Count V alleging retaliation against LCHA; (2) Count VI alleging a § 1983 claim against Northern in his individual capacity, and (3) Friedman's request for damages under Count VI against Northern in his individual capacity.

**SO ORDERED.**  ENTERED: October 14, 2011

_____
 **RONALD A. GUZMAN**
 **U.S. District Judge**